UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES KENNEDY,

                 Plaintiff,

         -v-                6:23-CV-195

JOSHUA PETERS, NYSP
State Trooper, and THOMAS
KOZIOL, NYSP State Trooper,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:               OF COUNSEL:

CHARLES KENNEDY
Plaintiff, Pro Se
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

HON. LETITIA JAMES        DAVID C. WHITE, ESQ.
New York State Attorney General   THOMAS A. CULLEN, ESQ.
Attorneys for Defendants       Ass't Attorneys General
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On February 13, 2023, *pro se* plaintiff Charles Kennedy, who is confined at the Oneida County Correctional Facility, filed this civil rights action against defendants Joshua Peters ("Peters") and Thomas Koziol ("Koziol"), two New York State Police Troopers involved in his arrest and detention.[1]  Dkt. No. 1

On February 14, 2023, because he had paid the filing fee for this action, the Clerk of Court advised plaintiff that he bore responsibility for serving the summons and complaint on each named defendant "within sixty (60) days" of the filing of the complaint in accordance with the Federal Rules of Civil Procedure and this District's Local Rules.  Dkt. No. 3.

At that time, the Clerk of Court also issued summonses for this purpose, Dkt. No. 2, and cautioned plaintiff that failure to "serve the summons and complaint on the defendants or ask for an extension of time to do so (in writing) may ultimately result in dismissal of [this] action for failure to prosecute," Dkt. No. 3.  Thereafter, defendants Peters and Koziol appeared in this action through counsel.  Dkt. Nos. 4, 5.

On April 4, 2023, upon review of the docket in this action, U.S. Magistrate Judge Thérèse Wiley Dancks determined that "plaintiff has not yet filed

---

[1]  There appear to be federal criminal charges pending against plaintiff.  *United States v. Kennedy*, 3:22-CR-83-DNH-1.  It is unclear how, if it all, those charges might be related to the facts alleged by plaintiff in his complaint.

affidavits of service regarding service of the summons and complaint on defendants." Dkt. No. 6. Judge Dancks ordered plaintiff to do so by April 30, 2023. *Id*. At that time, the Clerk of Court also mailed to plaintiff copies of the *pro se* handbook and this District's Local Rules. Dkt. No. 7.

On April 10, 2023, plaintiff filed an "affidavit of service by mail" in which he averred that he had mailed the documents to defendants at their business address. Dkt. No. 8. After reviewing this affidavit, Judge Dancks entered an order setting defendants' time to respond to the complaint, but specifically cautioned that she had made "no determination on the sufficiency of service should defendants wish to contest that service was proper." Dkt. No. 9.

On April 24, 2023, defendants Peters and Koziol (collectively "defendants") moved to dismiss the complaint under Rule 12(b)(5) of the Federal Rule of Civil Procedure based on plaintiff's alleged failure to perfect service in accordance with the relevant procedural rules. Dkt. No. 10. After plaintiff sought and received an extension of time in which to respond to the motion, Dkt. Nos. 11, 12, plaintiff opposed defendants' motion to dismiss, Dkt. No. 13, and defendants replied, Dkt. No. 14.

The motion will be considered on the basis of these submissions without oral argument.

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure authorize a defendant to move for pre-answer dismissal of a pleading for insufficient service of process. FED. R. CIV. P. 12(b)(5). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of providing adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "In deciding a Rule 12(b)(5) motion, a court looks to material outside the pleadings to determine whether service of process has been sufficient." *Jordan v. Asset Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (cleaned up). If service is found to be insufficient, the court may grant plaintiff leave to cure the insufficiency or dismiss the action. *See, e.g.*, *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (D'Agostino, J.).

## III. <u>DISCUSSION</u>

As an initial matter, plaintiff is *pro se*. So his filings must be held to less stringent standards. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). As the Second Circuit has repeatedly warned, documents filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that [they] suggest[ ]." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

But even *pro se* litigants must comply with the procedural rules. This includes Rule 4 of the Federal Rules of Civil Procedure, which governs the content, issuance, and service of a summons in a civil case. *See* FED. R. CIV. P. 4(a)–(c); N.D.N.Y. L.R. 4.1(a). As Rule 4 explains, "[a] summons must be served with a copy of the complaint." FED. R. CIV. P. 4(c)(1). Absent the filing of a waiver, an individual defendant within a judicial district of the United States may be served with these required documents by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A)   delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C)   delivering a copy of each to an agent authorized by appointment of law to receive service of process.

FED. R. CIV. P. 4(e).[2] In addition to these general rules about *how* to serve a summons and complaint, the Federal Rules of Civil Procedure also impose

---

[2] Under Rule 4(e)(1), a plaintiff may choose to serve process on an individual in accordance with state law. As relevant here, New York Civil Practice Law and Rules ("CPLR") §§ 308, 312-A permits various additional methods of service.

some limitations on *who* can serve a summons and complaint. As relevant here, the Rule provides that the person must be "at least 18 years old" and "not a party" to the action. FED. R. CIV. P. 4(c)(2).

In his "affidavit of service by mail," plaintiff avers that he used the Oneida County Correctional Facility's mail system to send "a notice of the complaint and summons" to defendants' trooper barracks in Owego, New York, via "first class certified with return receipt." Dkt. No. 8. In other words, plaintiff served the documents himself using the U.S. Postal Service.

Defendants' motion to dismiss identifies a number of problems with this approach. *See* Defs.' Mem., Dkt. No. 10-9 at 6–9. For what it's worth, they are correct to argue that merely mailing out a copy of the summons and complaint—certified or otherwise—is not one of the three options available under Rule 4. *See* Fed. R. Civ. P. 4(e)(2)(A)–(C). Nor is it enough to satisfy the alternative approaches available under state law. *See, e.g.*, *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016) (explaining CPLR § 312 requires more than simply a mailing to perfect service).

But all of this is beside the point because there is a glaring problem that makes any discussion of the other defects unnecessary: plaintiff is a party to this action. And parties are ineligible to serve their own process under Rule

4(c)(2).  So plaintiff's attempt at service was defective regardless of any other deficiencies that might have been present in his approach.[3]

That leaves the question of a remedy.  Defendants' motion urges the Court to dismiss plaintiff's complaint.  And it's true that dismissal is sometimes the appropriate remedy.  *DiFillippo*, 299 F.R.D. at 353.  After all, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  FED. R. CIV. P. 4(c)(1).

Rule 4 also imposes a time limit on service: "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice" or "order that service be made within a specified time."  FED. R. CIV. P. 4(m).  And our Local Rules shorten that 90-day period to just 60 days.  N.D.N.Y. L.R. 4.1(b).

But when it comes to technical problems with service, the Second Circuit has held that "*pro se* plaintiffs should be granted special leniency."  *Thrall v. Cent. N.Y. Reg'l Trans. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (summary order) (quoting *Lesane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).  And in addition to the leniency afforded to *pro se* litigants, there is a strong federal policy in favor of resolving disputes on the merits.

---

[3] There is no *pro se* exception to this procedural rule.  *See, e.g.*, *Kuntz v. Grand Union Capital Corp.*, 2021 WL 6334287, at *1 n.2 (N.D.N.Y. Dec. 8, 2021) (Stewart, J.) (Report & Recommendation).

Indeed, the Second Circuit has cautioned against a "wooden reading" of Rule 4's technical requirements, since the rule's purpose is merely to ensure "that service is reasonably calculated to provide a defendant with actual notice of the action." *United States v. Mellon*, 719 F. App'x 74, 76 (2d Cir. 2018) (summary order). In short, dismissal is an inappropriate remedy if "it appears that proper service may still be obtained." *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972).

It appears that proper service can still be obtained. Plaintiff, acting *pro se*, promptly attempted to effect service using the mail. Regardless of any technical failing(s), plaintiff succeeded in putting defendants on actual notice of the pendency of this action. Indeed, defendants have appeared through counsel. Therefore, the appropriate remedy at this time is to give plaintiff a further opportunity to perfect service. Plaintiff shall have an additional sixty days in which to do so. Accordingly, defendants' motion must be denied.

## III.  <u>CONCLUSION</u>

Plaintiff will be afforded an additional 60-day period in which to serve defendants. But plaintiff is cautioned that his failure to follow through on service will result in the dismissal of this action for failure to follow court orders and/or a failure to prosecute. Plaintiff is advised that, at his request, "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV.

P. 4(c)(3).  But plaintiff must promptly notify the Court if he desires to seek an order directing assistance with service.  Otherwise, plaintiff must retain a process server—or other suitable non-party—to timely effectuate service.

Therefore, it is

ORDERED that

1.  Defendants' motion to dismiss (Dkt. No. 10) is DENIED without prejudice;

2.  Plaintiff shall have until **November 14, 2023** to perfect service on defendants in accordance with the Federal Rules of Civil Procedure and this District's Local Rules; and

3.  The Clerk of the Court is directed to re-issue summonses and provide those summonses to plaintiff at his current mailing address.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.


Dated:  September 14, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge